UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GAYLE SIGAN,

    Plaintiff,

v.

                                  Case No. 2:08-cv-61
                                  HON. R. ALLAN EDGAR

ASHLEY FURNITURE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gayle Sigan filed this 29 U.S.C. § 626(b)(c) Age Discrimination claim against Defendant Ashley Furniture. Plaintiff asserts in her complaint that two "guys" were hired after her and were given full-time jobs right away. In addition, Plaintiff states that she had full-time status when the two men were hired as part-time, and that she was subsequently switched to part-time and they were give the full-time jobs. Plaintiff also claims a "disability," stating that she could not move as fast as the men and is not "great on the computer."

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Initially, the undersigned notes that the Age Discrimination in Employment Act of 1967 (ADEA) requires that "[n]o civil action ... be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity

Commission." 29 U.S.C. § 626(d).  According to ¶ 10 of Plaintiff's complaint, no charges have yet been filed with the EEOC.  Therefore, Plaintiff's action in this court is premature.

Moreover, the allegations in the Plaintiff's Complaint are broad, conclusory statements which are not supported by sufficient facts to deserve serious consideration.  *See*, e.g., *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-437 (6th Cir. 1988); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *James v. Rumsfeld*, 580 F.2d 224 (1978); *Place v Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *Blackburn v Fisk University*, 443 F.2d 121 (6th Cir. 1971).  Plaintiff fails to specify her age or the age of her male co-workers.  Nor does Plaintiff specify the nature of her alleged disability.  The undersigned therefore recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal.  *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 1, 2008

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).